**Law Office of Gregory Messer**
Gregory Messer, Esq.
26 Court Street, Suite 2400
Brooklyn, New York 11242
Tel: (718) 858-1474
Fax: (718) 797-5360
Attorney for Alexander Dy

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
In re:

Alexander Dy,                                    Case No: 10-52097-jf

                      Debtor.
-----------------------------------------------------------------X
Pamela Peters, individually and on behalf of the
Estate of Henry Peters,

                      Plaintiff.         Adv. Pro. No: 11-01012-jf

-v-

Alexander Dy,

                      Defendant.
-----------------------------------------------------------------X

## **AMENDED ANSWER**

Defendant ALEXANDER DY, (hereinafter "Defendant"), by and through his attorneys, The Law Office of Gregory Messer, as and for their Amended Answer to the Complaint of Plaintiff, PAMELA PETERS, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF HENRY PETERS, (hereinafter "Plaintiff"), alleges and states as follows:

1. Unless otherwise admitted, qualified, or explained, ALEXANDER DY denies each and every allegation of the Plaintiff's Complaint and holds the Plaintiff to the strictest proof thereof.

## INTRODUCTION

2. The Defendant denies the allegations contained in paragraph "1" of the Complaint and holds the Plaintiff to the strictest proof thereof.

3. The allegations of paragraphs "2" and "3" of the Complaint constitute legal conclusions which require no response. To the extent a response is required, these allegations are denied.

## JURISDICTION AND VENUE

4. The Defendant admits the allegations contained in paragraphs "4" and "5" of the Complaint.

## PARTIES

5. Defendant admits the allegations contained in paragraph "6" of the Complaint.

## ALLEGATIONS/FACTS

6. The Defendant denies the allegations as contained in the Plaintiff's Complaint, paragraphs "7", and "29" and holds the Plaintiff's to the strictest proof thereof.

7. Defendant lacks any information to admit or deny the allegations as asserted in the Plaintiff's Complaint, paragraph "8", "9", "10", "11", "12", "13", "14", "15", "16", "17", "18", "19", "20", "21", "22", "23", "24", "25", "26", "27", "28", "30", "31", "32", and "33" and holds the Defendant to the strictest proof thereof.

## FIRST CAUSE OF ACTION

8. Defendant repeats, reiterates and realleges each and every response set forth in

paragraphs "1" through "7" with the same force and effect as if fully set forth herein.

9. The Defendant denies the allegations as contained in the Plaintiff's Complaint, paragraphs "35", "38", "39", and "40" and holds the Plaintiff's to the strictest proof thereof.

10. Defendant lacks any information to admit or deny the allegations as asserted in the Plaintiff's Complaint, paragraph "36", and "37" and holds the Defendant to the strictest proof thereof.

## SECOND CAUSE OF ACTION

11. Defendant repeats, reiterates and realleges each and every response set forth in paragraphs "1" through "10" with the same force and effect as if fully set forth herein.

12. The Defendant denies the allegations as contained in the Plaintiff's Complaint, paragraphs "42", "43" and "44" and holds the Plaintiff's to the strictest proof thereof.

## THIRD CAUSE OF ACTION

13. Defendant repeats, reiterates and realleges each and every response set forth in paragraphs "1" through "12" with the same force and effect as if fully set forth herein.

14. The Defendant denies the allegations as contained in the Plaintiff's Complaint, paragraphs "46", "47", and "48" and holds the Plaintiff's to the strictest proof thereof.

## FOURTH CAUSE OF ACTION

15. Defendant repeats, reiterates and realleges each and every response set forth in paragraphs "1" through "14" with the same force and effect as if fully set forth herein.

16. The Defendant denies the allegations as contained in the Plaintiff's Complaint,

paragraphs "50", "51", and "52" and holds the Plaintiff's to the strictest proof thereof.

## FIFTH CAUSE OF ACTION

17. Defendant repeats, reiterates and realleges each and every response set forth in paragraphs "1" through "16" with the same force and effect as if fully set forth herein.

18. The Defendant denies the allegations as contained in the Plaintiff's Complaint, paragraphs "54", "55", and "56" and holds the Plaintiff's to the strictest proof thereof.

## SIXTH CAUSE OF ACTION

19. Defendant repeats, reiterates and realleges each and every response set forth in paragraphs "1" through "18" with the same force and effect as if fully set forth herein.

20. The Defendant denies the allegations as contained in Plaintiff's Complaint paragraphs "58", "59", "60", "61", "62", "63", and "64" and holds the Plaintiff's to the strictest proof thereof.

## SEVENTH CAUSE OF ACTION

21. Defendant repeats, reiterates and realleges each and every response set forth in paragraphs "1" through "20" with the same force and effect as if fully set forth herein.

22. The Defendant denies the allegations as contained in the Plaintiff's Complaint, Paragraph "66" and holds the Plaintiff's to the strictest proof thereof.

## EIGHTH CAUSE OF ACTION

23. Defendant repeats, reiterates and realleges each and every response set forth in

paragraphs "1" through "22" with the same force and effect as if fully set forth herein.

24. The Defendant denies the allegations as contained in the Plaintiff's Complaint, paragraph "68" and holds the Plaintiff's to the strictest proof thereof.

### FIRST AFFIRMATIVE DEFENSE

25. Defendant assert that the Plaintiff's Complaint fails to state a cause of action for which relief can be granted and the Plaintiff's Complaint should be dismissed with prejudice.

### SECOND AFFIRMATIVE DEFENSE

26. Defendant further asserts Defendant acted in good faith for any alleged transactions at all relevant times.

### THIRD AFFIRMATIVE DEFENSE

27. Plaintiff fails to allege an actual intent to hinder, delay or defraud creditors with the requisite specificity required under Rule 9(b) of the Federal Rules of Civil Procedure and '3016(d) and (b) of the New York Civil Practice Law and Rules.

### FOURTH AFFIRMATIVE DEFENSE

28. The plaintiff's claims are barred because any alleged damage incurred by the debtor resulted from the actions of other persons or entities.

### FIFTH AFFIRMATIVE DEFENSE

29. The plaintiff's complaint is barred wholly and in part by the applicable statute of limitations.

## SIXTH AFFIRMATIVE DEFENSE

30. Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to plead fraud with particularity pursuant to Federal Rule of Civil Procedure 9(b) and Federal Rule of Bankruptcy Procedure 7009.

## EIGHTH AFFIRMATIVE DEFENSE

31. Plaintiff cannot meet its burden of proof with respect to all of the elements under Bankruptcy Code § 523(a)(2)(A). Without limitation, Plaintiff is put to its proof that the debt was obtained by false pretenses, a false representation or actual fraud.

## NINTH AFIRMATIVE DEFENSE

32. Plaintiff cannot meet its burden of proof with respect to all of the elements under Bankruptcy Code § 523(a)(2)(A). Without limitation, Plaintiff is put to its proof that the debt was obtained by the use of a statement in writing and was obtained by any writing (i) that was materially false; (ii) respecting the debtor's financial condition; (iii) or which the Plaintiff justifiably relied; or (iv) that the defendant caused to be made or published with the intent to deceive.

## TENTH AFIRMATIVE DEFENSE

33. Plaintiff cannot meet its burden of proof with respect to all of the elements under Bankruptcy Code § 523(a)(4). Without limitation, Plaintiff is put to its proof (1) that the alleged act was for fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny..

### ELEVNTH AFIRMATIVE DEFENSE

34. Plaintiff cannot meet its burden of proof with respect to all of the elements of a "willful and malicious injury" under Bankruptcy Code § 523(a)(6). Without limitation, Plaintiff is put to its proof (1) that the alleged act was intentional that lead to an injury to Plaintiff.

### TWELFTH AFIRMATIVE DEFENSE

35. Plaintiff cannot meet its burden of proof with respect to all of the elements of Bankruptcy Code § 727(a)(2). Without limitation, Plaintiff is put to its proof that the debtor, with intent to hinder, delay or defraud a creditor.

### THIRTEENTH AFIRMATIVE DEFENSE

36. Plaintiff cannot meet its burden of proof with respect to all of the elements under Bankruptcy Code § 727 (a)(4). Without limitation, Plaintiff is put to its proof that the debtor knowingly and fraudulently made a false oath or account; presented or used a false claim; gave, offered, received, or attempted to obtain money, property or advantage or a promise of money, property or advantage for acting or forbearing to act.

### FOURTEENTH

37. Defendant reserves the right to assert such additional affirmative defenses as may become apparent upon the conclusion of discovery in this adversary proceeding.

### REQUEST FOR RELIEF

Defendants, hereby respectfully requests that this Court enter judgment in favor of Defendants and against the Plaintiff:

1. Dismissing the Plaintiff's Complaint with prejudice;

2. Awarding the Defendants its costs, disbursements and if applicable, attorney's fees;

3. Allowing Defendants, upon completion of discovery, to amend its answer to assert additional affirmative defenses and/or counterclaim if applicable;

4. Awarding Defendants such other and further relief as this Court deems is just and equitable.

Dated: Brooklyn, New York
July 13, 2011

Law Office of Gregory Messer
Attorney for Defendant Alexander Dy

By: Gregory Messer, Esq.
26 Court Street, Suite 2400
Brooklyn, New York 11242
Telephone: (718) 858-1474

TO: Joshua N. Bleichman
Law Office of Bleichman and Klein
268 Route 59 West
Spring Valley, New York 10977